UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


LAZARO FERNANDEZ,

                    Petitioner,

     v.                                CIVIL ACTION No. 15-11116-RGS


KELLY RYAN,

                    Respondent.




## REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C § 2254


### I.        Introduction

Lazaro Fernandez ("Fernandez" or "Petitioner") petitions for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 for violations of his constitutional rights. (#1.) In 2009, a

Massachusetts jury found Fernandez guilty of one count of rape of a child under Mass. Gen. L. c.

265 § 23. (#1.) The United States of America ("Respondent or "Government") opposes the

Petitioner's motion. (#18.)


### II.        Factual Background


On April 7, 2009, after nine day trial in Essex County, a jury convicted Fernandez of rape

of a child stemming from an incident that took place on November 22, 2006 involving a then

fourteen-year-old girl. (S.A., #3 at 2.)[1] The victim testified at trial that Fernandez orally raped her in the stairwell of her apartment building. (Tr. V, p. 224.) Her friend, Tanairi Portela, testified as the first complaint witness. (Tr. VII, p. 130.)  That same day, the jury also convicted a co-defendant, Alberto Cardozo, for indecent assault and battery and child enticement stemming from a separate assault against the same victim that happened earlier that same day. (S.A., #3 at 2.)  The victim was the daughter of Cardoza's girlfriend. (Tr. V, p. 160-68.)  Fernandez was sentenced to a term of twelve to eighteen years in prison. (S.A., #3 at 3.)

### III.     Procedural Background

Fernandez filed a timely appeal on his conviction to the Massachusetts Appeals Court ("MAC") (S.A., #2.) On January 18, 2013, the MAC affirmed his conviction in an unpublished opinion. *Commonwealth v. Fernandez,* 83 Mass. App. Ct. 1107, 2013 WL 184023 (Mass. App. Ct. January 18, 2013) (table, text in Westlaw). On March 1, 2013, the Supreme Judicial Court ("SJC") denied further appellate review. *Commonwealth v. Fernandez,* 464 Mass. 1107 (2013) (table).

On November 25, 2013, Fernandez filed a *pro se* "Motion for New Trial and Motion for DNA Testing." (S.A., #7.) That motion was denied on December 4, 2013.  (S.A. #8 at 4.) Fernandez appealed the trial judge's decision to the MAC, which issued a decision affirming the trial judge's decision. *Commonwealth v. Fernandez,* 86 Mass. App. Ct. 1123, 2014 WL6920655 (Mass. App. Ct. Dec. 10, 2014) (table, text in Westlaw). Again, Fernandez's request for further appellate review by the SJC was rejected. *Commonwealth v. Fernandez,* 470 Mass. 1107 (2015) (table).

---

[1] The abbreviation S.A. refers to the Supplemental Answer which was attached to Respondent's Response/Answer, Docket #12.

On March 23, 2015, Fernandez filed a petition for habeas corpus relief with this court. 28 U.S.C. § 2254; (#1.) The respondent filed an answer and supplemental answer on June 10, 2015. (#12.)  Fernandez was subsequently ordered to file a memorandum in support of his petition which he did on July 30, 2015. (#15.) The respondent filed a memorandum in opposition to the petition on August 27, 2015. (#18.) The case is now poised for disposition.

## IV.   Analysis

Fernandez seeks section 2254 relief based on two claims. First, he asserts his Sixth Amendment right to confront the witness against him was denied in violation of *Crawford v. Washington,* 541 U.S. 36 (2004), when the state allowed multiple "first complaint witnesses" to testify at his 2009 jury trial for rape of a child. (#15 at 1-2.)  Second, Petitioner argues that DNA testing was sought and erroneously denied in violation of *District Attorney's Office for the Third Judicial District v. Osborne,* 557 U.S. 52, 72 (2009). (#15 at 3.)

### A.  Standard of Review

Applications for a writ of habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),  28 U.S.C. § 2254.  Eligibility for relief under AEDPA is "intentionally difficult to meet."  *Woods v. Donald,* __ U.S.__, 135 S. Ct. 1372, 1376 (2015) (per curiam). A federal court may not issue a habeas petition on a claim that was fully adjudicated on the merits of state court proceedings unless the state court decision 1) was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1) and (2).

A state court decision will be found "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decided a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  A decision may be an "unreasonable application" of established federal law if a state court is able to correctly identify the governing principle from the Supreme Court's decision but unreasonably applies that principle to the case before it. *Id.* at 413.  An "unreasonable application" requires "some increment of incorrectness beyond error…The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgement of the federal court." *McCambridge v. Hall,* 303 F.3d 24, 36 (1st Cir. 2002) (internal quotations and citation omitted).

This standard is difficult to meet because "the purpose of [the statute] is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions on the state criminal justice systems,' and not as a means of error correction." *Greene v. Fisher*, __ U.S. __, 132 S. Ct. 38, 43 (2011) (citing *Harrington v. Richter*, 562 U.S. 86 (2011) (further citations omitted). The Supreme Court has explained that

> this distinction creates a substantially higher threshold for obtaining relief than de novo review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, 773 (2010)(internal quotations and citations omitted).

Furthermore, because the habeas statute allows federal courts to grant relief only when state courts act unreasonably, it follows that "the more general the state rule at issue—and thus the greater potential for reasoned disagreement among fair-minded judges—the more leeway

[state] courts have in reaching outcomes in case-by-case determinations." *Id.* at 776. *See also*,

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (where the federal standard is general, "a state

court has even more latitude to reasonably determine that a defendant has not satisfied that

standard").

> **1.    Ground One: Petitioner's Sixth Amendment Rights Were Violated When State Allowed  Multiple "First Complaint" Witnesses to Testify at Trail**

Petitioner alleges that he was denied his Sixth Amendment Confrontation Clause right

when the state allowed multiple "first complaint" witnesses to testify at his 2009 jury trial. (#15

at 1-2.)  He argues that because multiple witnesses took the stand and "repeat[ed] and

reassert[ed]…what the previous witness has stated" the trial court made a prejudicial error. (#15

at 1.)  Fernandez asserts his "Sixth Amendment right to confront his accuser was violated

repeated and repetitiously by the trial court allowing the hearsay of the second, third, and fourth

'first complaint' witnesses." (#15 at 2-3.)  The government argues that Fernandez is not entitled

to federal habeas review of this claim because it was procedurally barred on independent state

court grounds. (#18 at 5-6.)  Moreover, the government contends that Fernandez cannot

overcome this procedural default because he cannot show that denying federal review of his

claims will constitute a "fundamental miscarriage of justice." (#18 at 6.)  Finally, the

Government argues that the state trial court did not improperly apply clearly established federal

law in allowing "first complaint" testimony at trial. (#18 at 9.)

The "first complaint" doctrine in Massachusetts was formally adopted in *Commonwealth

v. King,* 445 Mass. 217, 218 (2005) and replaced the older "fresh complaint" or "fresh witness"

doctrine used in sexual assault cases.  Under the new doctrine, the first complaint witness—

usually the first person in whom the complaining witness confided about the alleged incident—

may testify as to the details and circumstances surrounding the complaint. *Id.* at 219.  This

narrow exception to the hearsay rule is to be used only in considering the complainant's credibility or reliability where the fact of the sexual assault is at issue. *Id.* Additionally, it seeks to eliminate prejudice by preventing subsequent witnesses from repeatedly testifying about the same, often horrific, details of the alleged incident which may inflame the jury. *Id.* at 243.

Under Mass. R. Crim. P. 30(b) a trial judge "may grant a new trial if it appears that justice may not have been done…and the trial judge shall make findings of fact necessary to resolve the defendant's allegations of error of law." In its decision the MAC reasoned that because Fernandez "failed to identify these [first complaint] witnesses and the improper testimony with appropriate record citation, and made no showing that the alleged error created a substantial risk of the miscarriage of justice," his motion should be denied as procedurally defaulted. *Fernandez,* 2014 WL 6910655 at *1. As the MAC found, Fernandez did not attempt to show that the alleged error — allowing multiple "first complaint" witnesses to testify — created a substantial risk of a miscarriage of justice as required by Mass. R. Crim. P. 30(b). The MAC also found that the defendant's motion could be denied solely for failing to rise to the level of an adequate appellate argument as required under Mass. R. App. P. 16(a)(4). *Id.* Given that the MAC's decision rested on independent state grounds, his claim is procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991) (Court will not review decision that rests on a state law ground, and "rule applies whether the state law ground is substantive or procedural."); *Harris v. Reed,* 489 U.S. 225, 262 (1989).

Even if this claim were to survive procedural default, Petitioner's claim would be denied on the merits. The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witness against him." U.S. Const. amend VI. The Court's decision in *Crawford* sought to remove ambiguity from the application of the Sixth

Amendment to out-of-court statements. 541 U.S. at 62.  Under *Crawford,* the admission of hearsay testimony is barred unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. *Id* at 68. However, the Supreme Court specifically made clear the new rule did not apply to witnesses who testify under oath at trial and who are available for cross-examination. "The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.* at 59 n.9. The Court further explained that if a declarant appears for cross-examination at trial, then there is no constraint on the use of prior testimonial statements. *Id.*

During Fernandez's nine day trial, Tanairi Portela testified as the first complaint witness and was available for cross-examination by Fernandez's counsel. (Tr. VII, p. 130.) She testified that on the morning of November 23, 2006, (Thanksgiving Day), the complainant called her and told her Fernandez and his co-defendant had "touched her" the previous day. (Tr. VII, p. 130.) Tanairi went on to testify about complainant's behavior when they were together later that day. (Tr. VII, p. 132.) Tanairi was questioned by the Commonwealth and cross-examined by defense counsel at trial. (Tr. VII, p. 134-36.) No other witness testified about the statements made by the victim other than the complainant herself, and she was subjected to cross-examination. (Tr. V, p. 19-123.)  Because Portela was present at trial and fully available for cross-examination by Fernandez's counsel, admission of her "first complaint" testimony does not violate the Confrontation Clause. *Crawford,* 541 U.S. at 61; *see Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 311 (2009); *Giles v. California,* 554 U.S. 353, 358 (2008).

**2.  Ground Two: Petitioner's Right to DNA Testing of the Evidence was Sought and Erroneously Denied in Violation of his Due Process Rights**

Fernandez contends that his constitutional rights were violated when the trial judge refused to grant his motion requesting DNA testing of various pieces of evidence.[2]  He bases this request both on Mass. Gen. Laws c. 278A §§ 1-18, and on federal and state law precedent. *Skinner v. Switzer,* 562 U.S. 521, 533 (2011) (holding that a prisoner may challenge a Texas statute governing when post-conviction DNA testing is available in federal court); *Commonwealth v. Clark,* 472 Mass. 120, 121 (2015) (clarifying the two-step procedure for requesting post-conviction DNA testing under Mass. Gen. Laws c. 278A). The government contends that this argument is procedurally defaulted. (#18.)  In addition to procedural default, the government also argues that there is no freestanding substantive due process right to DNA testing. (#18.) According to the government, since this is not a constitutional right, the trial judge's denial of Fernandez's request was not an unreasonable application of clearly established federal law.  *District Attorney's Office for the Third Judicial District,* 557 U.S. at 72; *see also Wade v. Brady,* 612 F. Supp. 2d 90, 99 (D. Mass. 2009).

As the MAC found, Fernandez did not abide by the requirements for obtaining DNA analysis as set out in Mass. Gen. Laws c. 278A.  *Fernandez,* 86 Mass. App. Ct. at 1123 ("In any event, the judge did not err because the defendant failed to include any of the information

---

[2] It is not apparent what advantage Fernandez hopes to gain through DNA testing. Although the victim claimed Fernandez orally raped her, there was no saliva found during a forensic examination of her underwear. (Tr. IX, p. 122.) A chemist from the state crime lab testified to this fact at trial and was cross-examined. There was, however, semen discovered in her underwear. (Tr. IX, p. 121-123.) This was not disclosed to the jury pursuant to "rape shield" statutes. Mass. Gen. Laws c. 233 §21B.  Even if Fernandez were to gain access to DNA testing of the sperm evidence found on the victim's underwear, it is unclear how this would have positively affected the outcome of his appeal. The victim never claimed Fernandez vaginally penetrated her or even that he ever exposed his penis to her. His conviction for rape of a child was solely on the basis of oral rape. DNA analysis of the sperm evidence would not disprove the victim's allegations or prove his actual innocence.

required by G.L. c. 278A, § 3(b) in his motion for DNA testing.").   Mass. Gen. Laws c. 278A, which governs post-conviction access to DNA analysis, requires a petitioner to meet two criteria in order to gain access to DNA testing. First, a threshold determination is made by the court as to whether the motion meets the preliminary criteria set out in c. 278A §3.  *Clark,* 472 Mass. at 123.  If those criteria are met, a hearing shall be conducted pursuant to c. 278A §§ 6-7 to determine whether the petitioner has established by a preponderance of the evidence sufficient facts for a judge to order DNA testing or further discovery. *Id.*  In this case, the MAC found that Fernandez failed to include any of the information required to meet the threshold review requirements of c. 278A §3.  *Fernandez,* 86 Mass. App. Ct. at 1123.  Given the MAC's findings, the claim is procedurally defaulted on independent state law grounds.

Since the Appeals Court's denial of Fernandez's motion rested on state law grounds, his claim may not be considered by a habeas court unless he can show "'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris,* 489 U.S. at 262. Cause may be shown by pointing to some objective external factor that impeded a petitioner's efforts to comply with the state procedural rule. *Lynch v. Ficco,* 438 F.3d 35, 46 (1st Cir. 2006). Prejudice requires the petitioner to show not only that the error created the possibility of prejudice "but that [it] worked to his actual and substantial disadvantage." *Ortiz v. DuBois,* 19 F.3d 708, 714 (1st Cir. 1994). The "miscarriage of justice" exception must be explicitly tied to a showing of actual innocence. *Killela v. Hall,* 84 F.Supp. 2d 204, 210 (D. Mass. 2000). Fernandez has not attempted to show cause, prove prejudice, or demonstrate actual innocence in his petition. (#15.) As such, he cannot overcome the procedural default and his claim must be denied.

Furthermore, the state trial judge's denial of Fernandez's motion was not an unreasonable application of clearly established federal law. In *District Attorney's Office for the Third Judicial District,* 557 U.S. at 72, the Supreme Court held that there is no substantive due process right to DNA testing. Rather, a prisoner seeking DNA analysis is entitled only to procedural due process and bears the burden of demonstrating the inadequacy of state-law procedures governing post-conviction relief. *Id.* at 70. "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Id.* at 69. In other words, Fernandez has no right to DNA testing absent 1) a showing that existing state procedures in c. 278A are constitutionally inadequate or 2) presenting evidence showing he is properly entitled to post-conviction analysis under existing laws. *Id.* He has not attempted to make either showing and therefore his motion fails on both accounts.

## V.    Conclusion

For the reasons above I RECOMMEND that the Petitioner's motion under 28 U.S.C. § 2254 for Writ of Habeas Corpus be DENIED and final judgement entered accordingly.

## VI. Review By The District Judge

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall

preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603(1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


<u>/s/ M.Page Kelley</u>

M. Page Kelley

United States Magistrate Judge

December 16, 2015